# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DEAN SOPHER,<br><br>                   Petitioner,<br><br>v.<br><br>J. LIZARRAGA, Warden,<br><br>                   Respondent. | Case No.: 15-CV-1757 JLS (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION RE PETITION FOR HABEAS CORPUS**<br><br>(ECF No. 11) |

Plaintiff has filed a Petition for Writ of Habeas Corpus, ("Petition," ECF No. 1), to which Respondent J. Lizarraga has filed a Response, (ECF No. 8). Plaintiff then filed a Traverse, (ECF No. 10). Magistrate Judge Barbara Lynn Major issued a Report and Recommendation, recommending the Court deny Petitioner's Petition and deny his Request for Evidentiary Hearing, ("R&R," ECF No. 11).[1] Petitioner filed objections to the R&R, ("Obj.," ECF No. 19). Respondent did not file a reply to Petitioner's objections.

Having considered the Parties' arguments and the law, as well as the underlying state court record, the Court **OVERRULES** Petitioner's Objections, **ADOPTS** Judge Major's Report and Recommendation, and **DENIES** Petitioner's Petition for Habeas Corpus.

---

[1] The R&R was submitted to Judge Roger Benitez, who presided over this case since its inception. The case was reassigned to this Court in January 2018.

1

## BACKGROUND

Judge Major's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Defendant's pending Motion to Dismiss. (*See* R&R. 2–7.)[2] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner filed the present Petition pursuant to 28 U.S.C. § 2254(d). Judge Major reviewed each of Petitioner's arguments, and the Court will do the same. Petitioner has objected to various findings of the R&R; the Court will therefore review *de novo* the portions of the R&R to which Petitioner objects.

### I. Judicial Bias and Prejudice

Petitioner argues the trial court acted in a biased and prejudiced matter when it permitted the prosecution to play a videotaped interview of the "alleged victim" Adrianna in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). (R&R 10; Traverse 4.) Petitioner alleges that "the admission of th[e] videotaped interview immediately after direct

---

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

2

testimony, violat[es] . . . the Confrontation [C]lause." (Petition 24.) In the R&R, Judge Major cited to the California Court of Appeal opinion, where the court found "the trial court's ruling on the admissibility of the videotaped interview of the victim was not erroneous under *Crawford* because the victim testified at trial." (R&R 11 (citing Lodgment, ECF No. 9-27, at 2).) Under *Crawford*, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." 541 U.S. at 59 n.9 (citing *California v. Green*, 399 U.S. 149, 162 (1970)). The rationale behind this holding is that "the declarant is present at trial to defend or explain [her prior out-of-court statement]." *Id*.

Here, Adrianna testified at trial, and Petitioner's attorney cross-examined her. (R&R 12–13 (citing Lodgment, ECF No. 9-3, at 39–62).) Thus, Judge Major determined Petitioner has not demonstrated any judicial bias or prejudice due to the trial court's decision to allow the videotape to be played. (R&R 13.) In his objections, Petitioner argues that Judge Major narrowly read *Crawford* and he repeats his argument that his rights were denied when the trial judge permitted the presentation of the videotape, "at which the petitioner was not permitted to cross examine the witness." (Obj. 6.) To the extent Petitioner claims it was error to present the videotape when Petitioner was not permitted to cross examine Adrianna at the interview, Petitioner is incorrect. Petitioner was able to cross examine her at trial, thus, "the Confrontation Clause places no constraints on the use of Adrianna's prior testimonial statements." *See Crawford*, 541 U.S. at 59 n.9; *see also Kennerson v. Knipp*, No. 13-CV-157-GPC (WMc), 2013 WL 5086363, at *9 (S.D. Cal. Nov. 19, 2013) (finding that the admission of a videotaped interview was not erroneous because the petitioner was able to cross-examine the witness and the social worker who conducted the interview at trial). Adrianna appeared at trial and Petitioner was permitted to cross-examine her. The Court **OVERRULES** Petitioner's objection and **ADOPTS** the R&R as to this claim.

Petitioner also claims the trial judge showed bias or prejudice when speaking to the jurors about credibility determinations. (R&R 13 (citing Petition 20–21).) The R&R

3

presents the complete "admonishment" given by the trial judge. (*Id.* at 13–14.) In sum, the trial judge explained to the jury that they "alone are the judges of the facts" and would "decide [the] issue of credibility and believability." The judge went on to explain the benefits of a jury system in that decisions rest on the shoulders of twelve members of the community, all with differing experiences. (*Id.*) Judge Major found Petitioner's argument that this admonishment evidenced bias of prejudice to be without merit. (R&R 14.) Petitioner does not state any objections to this finding. The Court finds no error in Judge Major's finding, and **ADOPTS** the R&R as to this claim.

## II. Constitutionality of California Evidence Code §§ 1108 and 1360

Petitioner argues that California Evidence Code §§ 1108(a) and 1360(a) are unconstitutionally vague, violate due process, and are therefore void. (Petition 24–26; Traverse 5–6.)[3]

The California Court of Appeals held the two evidence code sections cited by Petitioner are not unconstitutionally vague. (R&R 17.) The state court determined the two evidence code sections "are not susceptible to [Petitioner]'s void-for-vagueness challenge because they prescribe no conduct" and Petitioner's challenge is available only when the statute "either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." (Lodgment, ECF No. 9-27, at 1–2 (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 629 (1984)).)

Judge Major concluded the two evidence code sections are not unconstitutionally vague and recommends denying Petitioner's claim. (R&R 19–20.) Petitioner objects that Judge Major neglects "the federal standard for vagueness" and he argues that "[t]he plain

---

[3] "Although most often invoked in the context of criminal statutes, the prohibition on vagueness also applies to civil statutes . . . ." *Dimaya v. Lynch*, 803 F.3d 1110, 1112 (9th Cir. 2015); *see Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497–99 (1982) (explaining that while the void for vagueness doctrine applies to civil statutes, the Supreme Court has "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe").

4

language of the statutes do not put a person on reasonable notice as required." (Obj. 6.) He argues the state court erred because it does not "require, as a base factor, that the statutes in question necessarily prescribe some conduct in order to be subject to a vagueness challenge." (*Id.*) He appears to be arguing that it is incorrect to find a statute is not susceptible to a void-for-vagueness challenge if it prescribes no conduct.

The Court agrees with Judge Major's conclusions. Judge Major analyzed the two code sections and found them to be constitutional. (R&R 19–20.) The Court finds Judge Major did not in fact neglect the federal standard as Petitioner argues; to the contrary, she analyzed the relevant law on vagueness challenges, the purpose of the two evidence codes, and other district court cases wherein the evidence codes have been found to be constitutional. (*Id.* at 16–18.) Thus, the Court **OVERRULES** Petitioner's objection.

Petitioner's Petition states the evidence code sections did not put him on notice that accusations "may serve as evidence against him" and that the prosecution could admit the testifying child's statements as "substantial evidence" in their case-in-chief. (Petition 25–26.) Although it has been held that a law is unconstitutionally vague if it either "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits," *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999), this has been only applied to criminal law. *Id.* Petitioner argues the language of the evidence code sections makes it necessary for "men of common intelligence to guess at [their] meaning" and thus violates due process. (Petition 26 (citing *Baggett v. Bullitt*, 377 U.S. 360, 367 (1964)).) But, Petitioner omitted language from the case he cited. The case provides, "a law <u>forbidding or requiring conduct in terms so vague</u> that men of common intelligence must necessarily guess at its meaning" violates due process. *Baggett*, 377 U.S. at 567 (emphasis added). As the state court in this case noted, the evidence code sections do not forbid or require conduct, thus, Petitioner's argument is incorrect. The Court finds California Evidence Code §§ 1108(a) and 1360(a) do not violate Petitioner's due process rights as being vague. The Court **ADOPTS** the R&R as to this claim.

///

## III. Ineffective Assistance of Trial Counsel

Petitioner argues his trial counsel was ineffective for four reasons: for (a) not retaining an expert witness, (b) not investigating Adrianna's father and stepmother to establish a motive for Adrianna to accuse Petitioner, (c) not obtaining evidence that "three individual jurors were badgered and intimidated into reaching a guilty verdict," and (d) failing to challenge the trial court's decision to admit the videotaped interview of Adrianna as part of the prosecution's case on the ground the admission violated Petitioner's right to confront adverse witnesses under *Crawford*. (Petition 26–42.)

Under clearly established federal law, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, a defendant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The proper measure of attorney performance is "simply reasonableness under prevailing professional norms." *Id.* at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;" that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.* at 689–90. To determine whether errors of counsel prejudiced the defense, a court "must consider the totality of the evidence before the judge or jury" and consider whether "the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. The court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Id.* at 697.

The Court reviews each of Petitioner's arguments in turn.

### A. *Failure to Retain an Expert Witness*

Petitioner argues trial counsel was ineffective for failing to retain an expert witness to rebut the prosecution's expert, Christina Schultz. Petitioner included a declaration by a

Mr. William M. Allen, who appears to be, according to Petitioner, Petitioner's "paralegal." (Petition 119–20, 80–82.) Mr. Allen expresses his opinion that Petitioner's counsel needed an expert witness to establish that Ms. Schultz was not qualified to conduct the interview of Adrianna or to testify in the field. (*Id.* at 120.) Judge Major found that Petitioner's trial counsel engaged in a lengthy cross-examination of Ms. Schultz, rather than bring in a competing expert, and this was a valid trial tactic. (R&R 25.) Judge Major found Petitioner "cannot overcome the strong presumption that his trial counsel's tactical decision not to hire an expert witness was reasonable" and also that he has not demonstrated prejudice as a result of trial counsel's decision. (*Id.* at 26.) Judge Major recommends denying the Petition as to this claim. In his objections, Petitioner argues trial counsel should have retained a competing expert witness because Ms. Schultz was never required to provide information as to her qualifications, and the video of the interview of Adrianna should have "alarmed" trial counsel; therefore, a reasonable counsel would have concluded he "needed a real, qualified expert to assist the jury in understanding how Ms. Schultz manipulated this child into saying exactly what she wanted, rather than exactly what actually happened." (Obj. 7–8.)

In fact, trial counsel did question Ms. Schultz as to her qualifications and experience. (R&R 24 (citing Lodgment, ECF No. 9-3, at 507–32, 534–35).) Petitioner does not describe how or why an expert witness would have "assist[ed] the jury" any more than did trial counsel. Trial counsel also questioned Ms. Schultz about her interview with Adrianna; trial counsel specifically called into question the neutrality of Ms. Schultz's protocol. (Lodgment, ECF No. 9-3, at 113–16.) During cross-examination, Ms. Schultz even admitted she "probably should" have clarified with Adrianna the importance of telling the truth. (*Id.* at 116.) Trial counsel then continued to engage in a lengthy cross-examination into the interview Ms. Schultz conducted and the veracity of Adrianna's information. (*Id.* at 116–23.) Therefore, the Court finds Petitioner has not demonstrated that trial counsel was inadequate in engaging in cross-examination of Ms. Schultz rather than hiring a competing expert witness. *See United States v. Quintero-Barraza*, 78 F.3d

7

15-CV-1757 JLS (BLM)

1344, (9th Cir. 1995) (holding "the defendant must surmount the presumption that, 'under the circumstances, the challenged action might be considered sound trial strategy'" (citing *Strickland*, 466 U.S. at 689)). Petitioner also has not demonstrated the trial tactic prejudiced him. The Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R and **DENIES** the Petition as to this claim.

### B. Failure to Investigate Father and Stepmother

Petitioner alleges he told trial counsel to investigate Adrianna's father and stepmother ("the Slassons") because he believed the allegations against him were driven by the Slassons' motive to gain full custody. (Petition 35–36.) Petitioner alleges, "to my knowledge," trial counsel did not investigate the Slassons. (*Id.* at 81.) Judge Major recommends denying this claim because Petitioner provides no evidence that trial counsel did not investigate the Slassons, he has not established the substance or relevance of their testimony, has not established trial counsel's performance fell below an objective standard of reasonableness, and has not established prejudice. (R&R 29.) In his objections, Petitioner argues Respondent does not refute the facts in Petitioner's declaration, it is a fact that he is innocent of the allegations, and it is improper to require him to obtain any evidence to support his accusations. (Obj. 8–9.)

The Court finds Petitioner has not met his burden of establishing either prong of *Strickland*. Notably, Petitioner cannot even say with certainty whether trial counsel investigated the Slassons. And, even if trial counsel did not do so, Petitioner has not demonstrated that the decision was unreasonable. *See Strickland*, 466 U.S. at 691 ("[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). If trial counsel determined that the Slassons' testimony would not be helpful to Petitioner, it would be reasonable for him not to call them to testify. *See Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) (holding a claim of failure to interview a witness cannot establish ineffective assistance of counsel "when the person's account is otherwise fairly known to defense counsel"); *see also Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (concluding

that petitioner's claim for ineffective assistance of trial counsel for not calling an alleged alibi witness was without merit, where the petitioner did not provide evidence that the witness would have provided helpful testimony to the defense, by, for example, providing an affidavit from an alleged witness). The Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R and **DENIES** the Petition as to this claim.

### C. *Failure to Investigate Jury Misconduct*

Petitioner asserts that trial counsel was ineffective for failing to investigate jury misconduct. (Petition 36–38; Traverse 11–12.) Petitioner alleges that his trial counsel "possesses three post jury notes indicating three individual jurors were badgered and intimidated into reaching a guilty verdict on Count 1," and argues his trial counsel should have requested a hearing to investigate potential jury misconduct and moved for a new trial. (Petition 36.) Petitioner further claims that he was not able to obtain the jury notes from his trial counsel and could not submit any juror declarations. (*See id.* at 29, 36; Traverse 11–12.)

Judge Major recommends the Court deny this claim because Petitioner has presented no evidence besides "his own declaration asserting that his trial counsel told him that three jurors had written notes indicating they had been badgered and bullied into finding him guilty." (R&R 32.) Judge Major determined that even if Petitioner's statements were accepted as true, the alleged juror notes "do not contain any evidence of 'extraneous prejudicial information' or improper 'outside influence;' they merely contain information regarding the jury's deliberations, statements made by one juror to another during deliberations, and/or the mental process of a juror." (*Id.*; *see* Petition 36 ("Petitioner is informed and believes, and thereon alleges, that trial counsel is in possession of three post jury notes indicating three individual jurors were badgered and intimidated into reaching a guilty verdict on Count 1.").) In his objections, Petitioner argues the jurors introduced extrinsic evidence into the jury room because evidence of his registration status as a registered sex offender was brought into the jury room. (Obj. 9–10.)

First, Petitioner's argument that the information of his status as a registered sex offender came into the jury room is being presented for the first time. Petitioner did not make this allegation in his Petition or Traverse. This Court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See Brown v. Roe,* 279 F.3d 742, 744–45 (9th Cir. 2002). The Court declines to consider Petitioner's claim here, finding it suspect and without evidence to support it.[4] Petitioner now alleges the three "juror notes" stated that extrinsic evidence was brought into the juror room, but he never raised this argument before, only previously arguing the notes evidenced that the jurors were "badgered and intimidated" during the deliberation process. The Court declines to consider the argument as a basis for ineffective assistance of counsel.

The Court agrees with Judge Major that the purported "juror notes" even if taken as true, do not demonstrate ineffective assistance of counsel. (R&R 32–33.) It was not ineffective assistance of counsel to fail to make a motion for a new trial after receiving these notes, as the notes, which are alleged to contain information regarding jury deliberations, statements made during deliberations, and the mental processes of a juror, could not be used to impeach the verdict and would not have warranted an evidentiary hearing or motion for new trial.

Also in his objections, Petitioner argues he has demonstrated "good cause" under Rule 6(a) of the Rules Governing §2254 Cases to permit him the use of discovery. (Obj. 11); *see* Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."). Again, this argument is being made for the first time in Petitioner's objections and does not appear in his Petition or Traverse. Further, Petitioner does not specify to whom he would

---

[4] Petitioner also included three "Proposed" unsigned declarations of three jurors, prepared solely by Petitioner, that he alleges are a "fair representation of what these jurors would testify to if they were contacted today." (Obj. 10, 18–25.) These proposed "declarations" created by Petitioner, without any evidentiary basis to support them, are not considered by the Court.

propound discovery, what he would request, or what he hopes to receive in return. He has indicated he has already requested documents from his trial attorney, who indicated the documents had been destroyed in a flood.[5] *See* Rule 6(b) ("A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents."). Thus, Petitioner has not demonstrated good cause to show he should be granted leave to conduct discovery.

In sum, the Court finds Petitioner has not demonstrated that trial counsel's failure to make a motion for a new trial due to the juror notes does not demonstrate ineffective assistance of counsel. The Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R and **DENIES** the Petition as to this claim.

### D. *Failure to Challenge the Trial Court's Decision to Admit Interview Tape*

Petitioner argues that his trial counsel was ineffective for failing to seek a writ of mandate challenging the trial court's ruling admitting the videotaped interview of Adrianna on the ground that the admission violated his right to confront adverse witnesses under *Crawford*, 541 U.S. 36. (*See* Petition 38–39; Traverse 12.) Petitioner asserts that the video was not offered to support Adrianna's testimony after impeachment on cross-examination, but as part of the prosecution's case-in-chief, which allowed Adrianna "to testify twice before the jury, once without the possibility of cross examination." (Petition 38; Traverse 12.) In the R&R, Judge Major recommends denying this claim because she "discussed and rejected Petitioner's claim that the trial court improperly admitted the videotaped interview of Adrianna in violation of Petitioner's right to confront adverse witnesses under *Crawford*." (R&R 33.) In his Objections, Petitioner refers the Court back to his same

---

[5] Petitioner attaches as an exhibit an email from trial counsel to another attorney (who requested the file for Petitioner), wherein trial counsel stated: "A year ago when [Petitioner] contacted me I told him that his file . . . [was] effectively destroyed by flooding the year after his trial was completed. I told him at the time I would be glad to contact the DA's office and have the file reproduced for him. I never heard from him, I am extending the same offer to you." (Obj. 16.) Petitioner does not explain what happened in response to this email.

11

15-CV-1757 JLS (BLM)

argument regarding permitting the video tape. (Obj. 12.) As the Court noted above, there was no error in admitting the video tape. *See supra* pg. 3–4. Thus, trial counsel's failure to seek a writ of mandate challenging this decision does not demonstrate ineffective assistance of counsel.

In sum, Petitioner has not established ineffective assistance of counsel for any reason. The Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R and **DENIES** the Petition as to the claim of ineffective assistance of counsel.

### IV. Ineffective Assistance of Appellate Counsel

Petitioner alleges that his appellate counsel was ineffective for (a) not challenging the trial court's admission of the videotaped interview of Adrianna as erroneous under Crawford, (b) not challenging Cal. Evid. Code §§ 1108 and 1360 as unconstitutionally vague, and (c) not pursuing the claim of judicial bias based on the trial court's alleged *Crawford* error. (*See* Petition 42–43; Traverse 12–13.) Petitioner further argues that he was prejudiced by his appellate counsel's performance because the appellate court might have reversed his conviction had the issues been brought on direct appeal and because he was denied the ability to seek federal habeas corpus review of the issues. (Petition 44–45.)

Judge Major recommends denying this claim. Judge Major reasoned the above legal issues are without merit, therefore, Petitioner's appellate counsel did not provide ineffective assistance by failing to raise them. (R&R 36.) In his Objections, Petitioner reargues his position that the issues do have merit. (Obj. 12.) The Court has also determined the above legal issues do not have merit; thus, Petitioner has not demonstrated ineffective assistance of counsel because he has not shown that counsel's performance was deficient nor that the performance prejudiced Petitioner. *See Strickland*, 466 U.S. at 688. The Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R and **DENIES** the Petition as to the claim of ineffective assistance of appellate counsel.

### V. Petitioner's Request for Evidentiary Hearing and Appointment of Counsel

Petitioner requests that the Court conduct an evidentiary hearing "to establish the underlying facts of the ineffective assistance of counsel claims" and requests the Court

appoint an attorney to represent him at the hearing. (*See* Petition 45; Traverse 13.) A district court presented with a request for an evidentiary hearing "must determine whether a factual basis exists in the record to support the petitioner's claim." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). If the petitioner has failed to develop the factual basis, the Court must deny a hearing "unless the applicant establishes one of the two narrow exceptions set forth in § 2254(e)(2)(A) & (B)."[6] *Id.* (citing *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)). If the petitioner has not "failed to develop" the facts in state court, "the district court may proceed to consider whether a hearing is appropriate, or required." *Id.* (citing *Cardwell*, 152 F.3d at 337).[7]

Judge Major found Petitioner "does not establish that his request relies on a new rule of constitutional law, or a factual predicate that could not have been previously discovered through the exercise of due diligence" and "Petitioner has not alleged facts that would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense." (R&R 38.) Petitioner objects, arguing "at the very least" he is entitled to "Habeas Rule 6 discovery,

---

[6] 28 U.S.C §2254(e)(2) provides:
> [T]he court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously made unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[7] An evidentiary hearing is required if any of the following six factors are met: (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; and (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair hearing. *Townsend v. Sain*, 372 U.S. 293, 313 (1963). The Court finds these factors are not met.

after which a more detailed determination on the question of an evidentiary hearing could be made." (Obj. 13.)

As noted above, the Court has not found good cause to permit discovery under Rule 6. *See supra* pg. 11. Thus, the Court again **OVERRULES** Petitioner's objection. Also, the Court finds no basis for an evidentiary hearing because the Court finds no factual basis exists to support Petitioner's argument of ineffective assistance of counsel and Petitioner has also not established that either of the exceptions in § 2254(e)(2) apply here. Thus, the Court **DENIES** the request for an evidentiary hearing.

## VI. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set forth above, Petitioner has not shown "that reasonable jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 743, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R and **DENIES** each claim of Petitioner's Petition for Habeas Corpus, (ECF No. 1). The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: April 19, 2018

Hon. Janis L. Sammartino
United States District Judge